**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **ANTONIO D. WOODLEY**, | : | Case No. 3:13 CV 1552 |
| Petitioner, | : | |
| vs. | : | |
| **STATE OF OHIO**, | : | **MAGISTRATE'S REPORT AND** |
| | : | **RECOMMENDATION** |
| Respondent. | | |

### I. INTRODUCTION

Pursuant to 72.2(b)(2) of the UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF OHIO LOCAL CIVIL RULES, this case was automatically referred to the undersigned Magistrate Judge for report and recommendation. Pending are:

  (1) The Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254 (Docket No. 1);
  (2) Respondent's Return of Writ (Docket No. 19);
  (2) Petitioner's Letters (Motions) (Docket Nos. 16, 18, 20, 21 and 22);
  (3) Petitioner's Supplement to Petition (Docket No. 23).

For the reasons set forth below, the Magistrate recommends that the Court deny the Petition for Writ of Habeas Corpus.

## II. Factual Background.

At Petitioner's trial, Benjamin Becker, a Delphos, Ohio police officer, testified that he was assigned as a surveillance officer to the West Central Ohio Crime Task Force, known as the Drug Unit. Thee purpose of the Drug Unit was to conduct controlled drug buys (Docket No. 19-5, pp. 122-123 of 223). On September 28, 2011, while en route to his office in an unmarked vehicle, Officer Becker was stopped at the stop sign when he observed a grey Lincoln automobile come from behind and proceed through the intersection without obeying the stop sign (Docket No. 19-5, p. 125 of 223). Officer Becker and his partner followed the car and "ran the license plate" on the Lincoln through the sheriff's office (Docket No. 19-5, p. 126 of 223). When the Lincoln finally stopped, Mr. Becker observed Petitioner open the door, stand up and exit the car. In Petitioner's right hand Officer Becker saw a silver pistol (Docket No. 19-5, p. 131 of 223). Once Officer Becker advised that Petitioner had a gun, the other Drug Unit officers exited their cars, drew their weapons and announced themselves as police officers. Petitioner was asked to stop and drop his weapon (Docket No. 19-5, p. 132 of 223).

## III. Procedural background.

On November 17, 2011, Petitioner was indicted in the Allen County Common Pleas Court, on two counts of having a weapon under disability, a violation of OHIO REV. CODE § 2923.13(A)(3) and one count of unlawful possession of a dangerous ordinance a violation of OHIO REV. CODE § 2923.17(A) (Docket No. 19-1, pp. 1-4 of 145).

Petitioner, by and through counsel, filed a motion to suppress statements on December 5, 2011 (Docket No. 19-1, pp. 5-12 of 145). On January 10, 2012, the court overruled the motion to suppress (Docket No. 19-1, pp. 13-19 of 145).

On January 10, 2012, Petitioner, by and through counsel, filed a motion to dismiss

indictment (Docket No. 19-1, pp. 20-22 of 145).  On February 12, 2012, the court overruled the motion to dismiss indictment (Docket No. 19-1, p. 23 of 145).

On February 8, 2012, the State furnished discovery to which Petitioner was entitled pursuant to OHIO R. CRIM. P 16 (Docket No. 19-1, pp. 24-26 of 145).

Petitioner, by and through counsel, filed a motion for discharge from Counts 1 and 2 of the indictment for the reason that Petitioner was not brought to trial within the time limitations set forth in OHIO REV. CODE §§ 2945.71 and 2945.72.  The motion was granted and Counts 1 and 2 were dismissed (Docket No 19-1, pp. 27-34; 39 of 145) Only Count 3 remained for trial..

On February 21, 2012, a jury, being duly impaneled and sworn, found Petitioner guilty of having a weapon while under disability.  He was sentenced to serve a term of 36 months, which is not a mandatory term, and three years of post-release control (Docket No. 19-1, pp. 40-43 of 145).

Petitioner, *pro se*, perfected a notice of appeal in the Court of Appeals of Ohio for the Third Appellate District (Court of Appeals), on March 20, 2012 (Docket No. 19-1, pp. 44-45 of 145).  Michael J. Short, Attorney at Law, was appointed to represent Petitioner in his direct appeal.  On August 13, 2012, Mr. Short filed an *Anders*[1] brief, alleging that an appeal in this case, lacked merit and would be wholly frivolous and seeking leave to withdraw as counsel (Docket No; 19-1, pp. 46-61 of 145).  On August 16, 2012, the Court of Appeals forwarded a copy of Mr. Short's brief and invited Petitioner to raise any points he considered meritorious within one month (Docket No. 19-1, p. 73 of 145).  On December 17, 2012, the Court of Appeals

---

[1] This brief derives its name from the case of *Anders v. California,* 87 S. Ct. 1396 (1967), which permits the court to entertain whether court-appointed counsel may withdraw from the appeal of a criminal case because of the belief that the grounds for the appeal are frivolous.

granted Mr. Short's motion to withdraw and dismissed the appeal (Docket No. 19-1, pp. 74-76 of 145). On December 27, 2012, Petitioner presented the points he considered meritorious:

    (1)    His trial counsel did not provide adequate advice or assistance.

        a.    Counsel failed to request a continuance.
        b.    Counsel refused to withdraw from the case.
        c.    Counsel failed to object to the admission of the video that improperly identified him.

    (2)    The prosecutor, judge and sheriff's department were prejudiced and the prosecutor and judge were predisposed to find him guilty (Docket No. 19-1, pp. 100-101 of 145).

On January 8, 2013, Petitioner filed an application for reopening pursuant to OHIO APP. R. 26(B), in the Court of Appeals of Ohio. He alleged the following:

Appellate counsel's representation was deficient because he failed to:

    1.    Allege winnable issues, specifically, the video that was the basis of his conviction had been subject to tampering.
    2.    Determine whether the transcripts to his old case were made part of the record.
    3.    Allege ineffective assistance of trial counsel (Docket No. 19-1, pp. 106-108 of 145).

The Court of Appeals found the application to reopen not well taken and ordered that the same be denied on January 11, 2013 (Docket No. 19-1, pp. 111-112 of 145).

On January 14, 2013, Petitioner, *pro se,* filed a notice of appeal in the Supreme Court of Ohio from the order granting Mr. Short leave to withdraw as appellate counsel and dismissing the appeal (Docket No. 19-1, pp. 78-79 of 145). In the supporting memorandum, Petitioner alleged that this case is of great general interest and involved a substantial constitutional question. In addition, Petitioner advanced the following propositions of law:

    1.    His right to be free from compulsion to be a witness against himself in a criminal case was violated by the intimidation of the police in violation of the Fifth Amendment of the United States Constitution and Article I, § 10 of the Ohio Constitution.

2. His right to effective assistance of counsel was in violation of Amendment VI of the United States Constitution and Article I, § 10 of the Ohio Constitution.
3. The jury lost its way in convicting him against the manifest weight of the evidence in violation of the Due Process of Law under the 14th Amendment of the United States Constitution and Article I, § 16 of the Ohio Constitution.
4. The jury lost its way in convicting him against the sufficiency of the evidence in violation of due process of law under the 14th Amendment of the United States Constitution and Article I § 16 of the Ohio Constitution.
5. His right to effective assistance of counsel was violated by the ineffective assistance of appellate counsel in violation of the Sixth Amendment of the United States Constitution and Article I, § 10 of the Ohio Constitution (Docket No. 19-1, pp. 82-93 of 145).

While this request was pending in the Supreme Court of Ohio, Petitioner sought reconsideration of the judgment granting Mr. Short's motion to withdraw and dismissing his appeal and he again requested leave to reopen his direct appeal. On February 7, 2013, the Court of Appeals denied the motion for reconsideration (Docket No. 19-1, pp. 102; 104-105 of 145).

In the application for reopening filed on March 19, 2013 in the Court of Appeals, Petitioner reasserted the ineffective assistance of appellate counsel claim, stating that appellate counsel had failed to allege winnable issues such as the tampering of the video and the failure to include the transcripts from his old case in the record (Docket No. 19-1, pp. 113-116; 117 of 145).

On March 27, 2013, the Court of Appeals denied Plaintiff's application for reopening and found that Petitioner's second application of reopening was barred by *res judicata* (Docket No. 19-1, pp. 118-119 of 145).

Also on March 27, 2013, Petitioner filed a motion to vacate or stay court costs, fines, mandatory fines and/or restitution in the court of common pleas (Docket No. 6-1, p. 1 of 2). The court declined to suspend or vacate any of Petitioner's court costs and fines. The motion was

overruled and denied on March 27, 2013 (Docket No. 6-1, p. 2 of 2).

Petitioner filed a second motion for judicial release on April 12, 2013 (Docket No. 19-1, pp. 128-130 of 145). On April 22, 2013, the trial court denied the motion for judicial release (Docket No. 19-1, p. 131 of 145).

On April 24, 2013, for the Supreme Court of Ohio, Chief Justice Maureen O'Connor declined to accept jurisdiction of the appeal from the order granting Mr. Short leave to withdraw as appellate counsel and dismissing the appeal (Docket No. 11, p. 99 of 145).

Petitioner filed a third motion for judicial release on September 30, 2013 (Docket No. 19-1, pp. 132-134 of 145). On October 3, 2013, the trial court denied the motion for judicial release (Docket No. 19-1, p. 135 of 145).

Petitioner filed a Petition Under 28 U. S. C. § 2254 for Writ of Habeas Corpus on July 18, 2013, alleging:

1. His conviction is based on an illegal arrest.
2. His conviction is based on a video that did not actually portray him.
3. Ineffective assistance of counsel.

### III. THE STATUTE OF LIMITATIONS.

Under the ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT of 1996 (AEDPA), there is a one year statute of limitations that applies to the application of a writ of habeas corpus filed by a person in custody pursuant to a state court. *Keeling v. Warden, Lebanon Correctional Institution*, 673 F.3d 452, 458 (6th Cir. 2012) *cert. denied*, 133 S. Ct. 141 (2012) (*citing* 28 U.S.C. § 2244(d)(1)). This statute of limitations begins to run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

6

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* at 458-459 (*citing* 28 U.S.C. § 2244(d)(1)(A)–(D)).

The limitation's period is tolled for the 90-day period in which a petitioner could seek *certiorari* in the United States Supreme Court. *DeDonno v. Hurley,* 2008 WL 20482059, *5 (N.D.Ohio, 2008) (*See Lawrence v. Florida*, 127 S.Ct. 1079 (2007)).

Petitioner filed a notice of appeal in the Supreme Court of Ohio on January 14, 2013, and on April 24, 2013, Chief Justice Maureen O'Connor declined to accept jurisdiction of the appeal. The statute of limitations began to run on July 24, 2013 and on July 18, 2013, Petitioner filed his Petition for Writ of Habeas Corpus. The Petition for Writ of Habeas Corpus in this case was timely filed.

## IV. ANALYSIS

Having determined that the Petition in this case was timely filed, the Magistrate must first determine whether Petitioner complied with the procedural rules for bringing his claims in state court and whether the state court enforced the procedural rules in Petitioner's case.

    **A.    PROCEDURAL DEFAULT STANDARD OF REVIEW**.

Pursuant to the ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, habeas relief is available to a state prisoner only where "the applicant has exhausted the remedies available in the courts of the State." *Henderson v. Palmer,* 2013 WL 4838799 (6[th]Cir. 2013) (*citing* 28

U.S.C. § 2254(b)(1)(a)). Generally, the Sixth Circuit Court will review only those habeas claims decided on the merits in state courts, not those deemed procedurally defaulted. *Id.* at *3 (*citing Seymour v. Walker*, 224 F.3d 542, 549–550 (6th Cir.2000)). A petitioner may avoid procedural default by showing that there was cause for the default and prejudice resulting from the default, or that a miscarriage of justice will result from enforcing the procedural default in the petitioner's case. *Id*. (*citing Seymour,* 224 F.3d at 550).

### 1. PETITIONER'S FIRST CLAIM THAT HIS CONVICTION WAS BASED UPON AN ILLEGAL ARREST WAS NOT PRESERVED FOR FEDERAL HABEAS REVIEW.

Petitioner deprived the state courts of a fair opportunity to correct their own errors when he raised his first claim for the first time in the Petition for Writ of Habeas Corpus. Because he failed to raise this claim in state court on direct appeal and he has no avenue open to him by which he may present his claim, the Petition in this case is subject to outright dismissal for failure to exhaust state remedies. In other words, Petitioner can no longer present his claims to the state courts and he has waived this claim for purposes of federal habeas corpus review unless Petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Respondent argues that the first claim is defaulted due to Petitioner's failure to comply with the state's procedural rule requiring that the Court apply principles of *res judicata* to bar from consideration any claim that was not or could have been raised on direct appeal.

The analysis of this issue is governed by the four-part rule described in *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986). *Landrum v. Mitchell,* 625 F.3d 905, 916 (6th Cir. 2010). A

federal habeas court must first determine whether there is a state procedural rule that is applicable to the petitioner's claim and whether the petitioner failed to comply with the state procedural rule. *Id.* (*citing Maupin,* 785 F. 2d at 138). Second, the federal court must decide whether the state courts actually enforced the state procedural sanction. *Id.* (*citing Maupin,* 785 F. 2d at 138). Third, the federal court must decide whether the state procedural default is an adequate and independent state ground upon which the state can rely to foreclose review of the federal habeas claim. *Id.* (*citing Maupin,* 785 F. 2d at 138). Fourth, the habeas petitioner can excuse a procedural default by demonstrating cause for his failure to comply with the state procedural rule and prejudice from the alleged constitutional error. *Id.*(*citing Maupin,* 785 F. 2d at 138); *see also Seymour v. Walker*, 224 F.3d 542, 555-56 (6th Cir.2000)).

Under the *first* factor, Ohio law requires that a petitioner raise a claim at the first opportunity to do so; otherwise, the claim is barred by *res judicata*. *Rust v. Zent*, 17 F.3d 155 (6th Cir.1994). Under the doctrine of *res judicata*, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104, 108 (1967).

In the instant case, Petitioner argues that at the time of his arrest, he did not have a gun. Any arrest resulting therefrom was not reasonable. Resolution of these issues did not require the consideration of evidence outside of the record. Thus such claim could have been litigated on direct appeal but it was not raised or adjudicated on the merits. Consequently, the claim is procedurally defaulted by *res judicata*.

Under the *second* factor, the Sixth Circuit has determined that Ohio's doctrine of *res judicata*, is regularly applied by the Ohio courts. *Jacob v. Mohr,* 265 F. 3d 407, 417 (6th Cir. 2001) (*citing Smith v. Anderson*, 104 F. Supp. 2d 773, 794 (S.D.Ohio, 2000)).  The Sixth Circuit has rejected claims that Ohio has failed to apply the doctrine of *res judicata*, consistently. *Dickerson, supra*, 2013 WL 4060668 at *18 (*citing Greer v. Mitchell*, 264 F. 3d 663, 673 (6th Cir. 2001) (*citing Monzo v. Edwards*, 281 F. 3d 568, 577 (6th Cir. 2002)).

It is therefore unlikely that the Ohio Supreme Court would reach the merits of Petitioner's first claim that was not properly raised in the underlying appellate proceeding, thus, satisfying the *second* factor.

The *third* factor requires the reviewing court to determine whether the state procedural rule at issue is an adequate and independent state ground upon which to deny habeas review. Habeas relief is unavailable where a question of federal law is decided by a state court and the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment.  It is well established in the Sixth Circuit that *res judicata* as applied by the state court is an adequate and independent state ground sufficient to foreclose habeas review of constitutional errors.  *Dickerson v. Sheldon,* 2013 WL 4060668, *18 (N.D.Ohio, 2013) (*citing Coleman v. Mitchell,* 268 F.3d 417, 429 (6th Cir.2001) *cert. denied,* 122 S.Ct. 1639 (2002)).

Here, Petitioner failed to raise his federal claims in compliance with relevant state procedural rules.  At this juncture, the state court would refuse to adjudicate the claim on state procedural grounds.  The third factor in this case is satisfied for the reason that the state court's refusal is as an independent and adequate state ground on which to deny federal habeas review.

    **a.**     **CAUSE AND PREJUDICE**.

In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate "cause" for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Wogenstahl v. Mitchell,* 668 F.3d 307, 321 (6th Cir. 2012) *cert. denied*, 133 S. Ct. 311 (2012) (*citing Coleman v. Thompson*, 111 S.Ct. 2546, 2565 (1991)). The "cause" for default standard in procedural-default cases requires the petitioner to show that "some objective factor external to the defense impeded counsel's efforts" to raise a claim in the state courts. *Id.* (*citing McCleskey v. Zant,* 111 S.Ct. 1454, 1469 (1991) (internal quotation marks omitted)). Such factors may include interference by officials, an attorney error rising to the level of ineffective assistance of counsel, or a showing of a factual or legal basis for a claim that was not reasonably available. *Id*. (*citing McCleskey*, at 1470).

The prejudice prong is an elusive concept but several guidelines can be discerned from the Supreme Court's pronouncements and the case law interpreting those pronouncements. *Maupin v. Smith*, 785 F.2d 135, 139 (6th Cir.1986). First, it is clear that the prejudice that must be shown must be a result of the alleged constitutional violation and not a result of the trial counsel's failure to meet state procedural guidelines. *Id.* (*See United States v. Frady*, 102 S.Ct. 1584, 1594 (1982) (prejudice must result from the errors of which defendant complained)). Second, the burden is on the petitioner to show that he or she was prejudiced by the alleged constitutional error. *Id.* (*citing Frady*, 102 S.Ct. at 1595). The petitioner must show that there was actual prejudice not merely a possibility of prejudice. *Id*. (*See also Engle v. Isaac*, 102 S.Ct. at 1572). Third, in analyzing a petitioner's contention of prejudice, the court should assume that

the petitioner has stated a meritorious constitutional claim. *Id.* Thus, the examining court must determine whether the petitioner was prejudiced by his conviction based on allegedly insufficient evidence. *Id.*

In all of his Letters (Motions) and Supplement to the Petition, Petitioner argues that trial counsel's performance was deficient because he failed to elicit the truth about the gun, provide adequate legal advice, discredit the video, present a witness on his behalf and withdraw from the case. Additionally, he alludes to the pain and suffering caused by incarceration on his family. Yet he fails to equate these factors with an external impediment that prevented counsel from adequately or at all, articulating or raising such claim on direct appeal.

Even if this Court were to assume counsel's deficient performance, Petitioner has not shown, at least on the record that was before the state courts, that he was prejudiced and that the state court decision to deny his request for dismissal of counsel was contrary to, or an unreasonable application of, clearly established federal law.

    b.    **FUNDAMENTAL MISCARRIAGE OF JUSTICE**.

Even though Petitioner has not shown "cause and prejudice," he may overcome the procedural default and obtain review on the merits of his claim by showing that the Court's failure to consider his claims will result in a fundamental miscarriage of justice.

The fundamental miscarriage of justice exception is explicitly linked to a showing of the petitioner's actual innocence. *Gibbs v. United States*, 655 F.3d 473, 477 (6$^{th}$Cir.2011) *cert. denied,* 132 S.Ct. 1909 (2012). "Actual innocence" means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 118 S.Ct. 1604, 1611 (1998). In other words, the habeas petitioner must show that it is more likely than not that no reasonable juror would have convicted him or her in light of new evidence. *In re Byrd*, 269 F.3d 561, 573 (6$^{th}$Cir.2001).

Therefore the fundamental miscarriage of justice exception is available "only where the prisoner supplements his or her constitutional claim with a colorable showing of factual innocence." *Herrera v. Collins,* 113 S.Ct. 853, 862 (1993) (*citing Kuhlmann v. Wilson*, 106 S.Ct. 2616, 2627 (1986)).

In several of his letters and Supplement to the Petition, Petitioner argues that he did not have a gun and therefore he was unlawfully charged with an offense. Such argument is based on legal innocence, not factual innocence. Without new evidence of innocence, even the existence of a possible meritorious constitutional violation is not sufficient to establish the miscarriage of justice exception that would allow this Court to reach the merits of these procedurally defaulted claims. Petitioner is bound by his procedural default and he cannot obtain habeas review of his first ground for relief.

    **2.** **PETITIONER'S SECOND CLAIM; HIS CONVICTION WAS BASED UPON A VIDEO THAT DID NOT ACTUALLY PORTRAY HIM**

Petitioner argues that his counsel failed to object to his conviction which was based on a video tape that neither identified him nor corroborated that he had a gun.

The Magistrate reiterates that in order for the habeas litigant to preserve his constitutional claims for habeas review, he or she must present any motion for post-conviction relief to both the Ohio Court of Appeals and the Supreme Court of Ohio. Here, Petitioner attempted to present the second claim to the intermediate appellate court but the Court of Appeals did not consider the claim on the merits. The claim was effectively dismissed for untimeliness and accordingly, was not properly filed. Petitioner failed to make proper use of the available state remedies for raising claims and it is clear that the state courts would now hold the claim procedurally barred.

In his Letters (Motions), Petitioner suggests that trial counsel should have raised the issue of identification and authentication during trial. Because Petitioner raised an ineffective assistance of trial counsel in the Supreme Court of Ohio, he claims that this Court has a basis for concluding that an external impediment prevented him from properly raising the claim in the appellate court. Specifically, he was prevented from timely filing a claim in the appellate court because of counsel's deficient performance.

In *Edwards v. Carpenter*, 120 S. Ct. 1587 (2000), the United States Supreme Court was presented with the issue of whether a federal habeas court is barred from considering an ineffective assistance of counsel claim as "cause" for the procedural default of another claim when the ineffective assistance claim is itself procedurally barred. *Id.* at 1591. The Supreme Court held that "cause" to excuse a procedural default could be established in certain circumstances by counsel's ineffectiveness in failing to preserve the claim for review in state court. *Id.* However, the ineffective assistance of counsel claim must first be exhausted in state court. *Id.* If the ineffective assistance of counsel claim is also procedurally defaulted, the prisoner may rely upon ineffective assistance of counsel if, and only if, he satisfies the cause and prejudice standard with respect to that claim as well. *Id.* at 1591-1592.

In this case, if Petitioner wishes to rely on the ineffective assistance of trial counsel claim to establish cause for his failure to properly identify him on the video tape, he must first present that issue to the state court. To the extent that Petitioner presented his argument that trial counsel was ineffective for failing to raise the "tampering of evidence" claim, it was untimely filed and the appellate court did not recognize the issue. Petitioner attempted to assert such claim in an application to reopen. However, only claims of ineffective assistance of appellate counsel are cognizable under OHIO APP. R. 26.

Because trial counsel's alleged ineffectiveness was not preserved for review in state court, he cannot establish cause to excuse procedural default. It is therefore unnecessary to reach the claim of prejudice once it has been established that cause has not been shown.

The Magistrate concludes that Petitioner's Petition is not saved by the fundamental miscarriage of justice exception either. Petitioner presented no new exculpatory evidence. Moreover, upon review of the trial transcript, particularly the testimony of Officer Becker (Docket No. 19-5, pp. 124-132 of 223) and Investigator David Gillispie (Docket No. 19-5, pp. 153-156 of 223), it is more likely than not that a reasonable juror would have concluded that Petitioner engaged in conduct that meets the required elements of having a gun under disability. Clearly, Petitioner has failed to demonstrate the factual innocence required for a claim of actual innocence and his second habeas claim is procedurally barred.

### 3. PETITIONER'S THIRD CLAIM: INEFFECTIVE ASSISTANCE OF COUNSEL

Notably, Petitioner did not refine his second ineffective assistance of trial counsel claim based on trial counsel's failure to explicitly preserve or pursue winnable arguments in the trial court in his letters or Supplement to the Petition. Rather, Petitioner complains that to his detriment, trial counsel refused to withdraw from the case after he was discharged.

Similar to his second claim, Petitioner failed to comply with the Ohio law that requires a petitioner to present habeas claims at each stage of the appellate process up through the Supreme Court of Ohio. Petitioner did not present an independent and properly filed claim for ineffective assistance of counsel in a timely fashion. Thus, it is clear that the state courts would now hold the claim procedurally barred.

However, procedural default based upon claims not presented to the state court can be excused in two circumstances. First, the procedural default will not bar this Court from granting

habeas relief if Petitioner demonstrates cause for the default and prejudice resulting therefrom. Second, procedural default is overturned when Petitioner shows a miscarriage of justice would result if his claims were not heard on the merits.

As stated earlier, Petitioner has failed to show some external objective factor that prevented him from asserting this claim to the appellate court in a timely fashion.  In fact, Petitioner offers no explanation as to why trial counsel's continued representation was not properly raised at any level of the state court.  Accordingly, "cause" has not been shown.  With respect to the second prong of the test, "prejudice," refers to the likelihood that the error put Petitioner at an actual and substantial disadvantage.  Given that Petitioner failed to establish cause with respect to this independent claim, the "prejudice" inquiry is irrelevant.

Petitioner's procedural default may be excused even if he fails to satisfy the cause and prejudice exception if he can demonstrate a sufficient probability that this Court's failure to review his federal claim will result in a fundamental miscarriage of justice.  The miscarriage of justice analysis has been covered in detail above and here it is sufficient to state that the exception does not apply with respect to this claim.  Therefore, refusing to address whether counsel's performance was deficient for failing to withdraw would not result in any miscarriage of justice, as it would have no effect on the overall outcome of Petitioner's Petition.

Since Petitioner's third claim is procedurally defaulted, and neither the "cause and prejudice" exception nor the "miscarriage of justice" exception serves to excuse that procedural default, the ineffective assistance of counsel claim cannot serve as "cause" to excuse procedural default of the third claims in Petitioner's petition.

Even if the arguments in Petitioner's letters are construed as a claim that he had "cause" because trial counsel's performance was deficient, such claim was not preserved for review as an independent claim.  Specifically, such claim was not presented to the appellate court and an unexhausted claim for ineffective assistance of counsel cannot establish cause to excuse procedural default.

### IX. CONCLUSION

For these reasons, the Magistrate recommends the Court deny the Petition for Writ of Habeas Corpus (Docket No. 1); deny Petitioner's Letters (Motions) (Docket Nos. 16, 18, 20, 21 and 22); and terminate the referral to the undersigned Magistrate Judge.


/s/Vernelis K. Armstrong
United States Magistrate Judge


Date:        January 24, 2014

## X. NOTICE.

Please take notice that as of this date the Magistrate Judge's report and recommendation attached hereto has been filed. Pursuant to Rule 72.3(b) of the LOCAL RULES FOR NORTHERN DISTRICT OF OHIO, any party may object to this report and recommendations within fourteen (14) days after being served with a copy thereof. Failure to file a timely objection within the fourteen-day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure. The objecting party shall file the written objections with the Clerk of Court, and serve on the Magistrate Judge and all parties, which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. Any party may respond to another party's objections within fourteen days after being served with a copy thereof.

Please note that the Sixth Circuit Court of Appeals determined in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) that failure to file a timely objection to a Magistrate's report and recommendation foreclosed appeal to the court of appeals. In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the court of appeals to condition the right of appeal on the filing of timely objections to a report and recommendation.