**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| ANTONIO D. WOODLEY, | ) | CASE NO. 3:13CV1552 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| STATE OF OHIO, | ) | MEMORANDUM OF OPINION |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner Antonio D. Woodley's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation, and denies Petitioner's Petition.

## **FACTS**

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of the facts.

1

On November 17, 2011, Petitioner was indicted in the Allen County Common Pleas Court, on two counts of Having a Weapon Under Disability, and one count of Unlawful Possession of a Dangerous Ordinance. On February 21, 2012, a jury found Petitioner guilty of Having a Weapon While Under Disability. Petitioner was sentenced to serve a term of 36 months, and three years of Post-Release Control. Petitioner filed a Notice of Appeal in the Court of Appeals of Ohio on March 20, 2012. On December 17, 2012, the Court of Appeals dismissed the Appeal. On January 8, 2013, Petitioner filed an Application for Reopening. The Court of Appeals denied the Application to Reopen on January 11, 2013.

On January 14, 2013, Petitioner filed a Notice of Appeal in the Supreme Court of Ohio. While this request was pending, Petitioner again requested leave to reopen his direct Appeal. On February 7, 2013, the Court of Appeals denied the Motion for Reconsideration. Petitioner filed an Application for Reopening on March 19, 2013 in the Court of Appeals. On March 27, 2013, the Court of Appeals denied Plaintiff's Application for Reopening and found that Petitioner's second Application for Reopening was barred by *res judicata*. On April 24, 2013, the Supreme Court of Ohio dismissed the Appeal. Petitioner filed the instant Petition on July 18, 2013, asserting the following grounds for relief:

**GROUND ONE:** 1. Said I had a gun and didn't (video of arrest)-
2. Had a video of an individual they said was me and was a white individual. You could see his skin above the gloves he was wearing.
3. I fired my attorney and the judge let him back on my case.

**GROUND TWO:** The supporting facts for Ground Two is a followed. [sic] Had a video of an individual they said was me and was a white individual. You could see his skin above the gloves he was wearing.

**GROUND THREE:** Ineffective assistance of counsel, fired attorney still allowed him to represent me.

2

On August 22, 2013, this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation. The Magistrate Judge issued her Report and Recommendation on January 24, 2014. On February 7, 2014, Petitioner filed a Motion in Opposition to Magistrate Report and Recommendation, in which he states no actual objection to any portion of the Report, but merely complains about the previous history of his case.

## **STANDARD OF REVIEW**

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of

3

> those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## **ANALYSIS**

Respondent asserts that all of Petitioner's Grounds are procedurally defaulted. Petitioner has not raised any specific objection to the Magistrate Judge's findings. The Magistrate Judge determined that the claim in Ground One, that his conviction was based upon an illegal arrest, was not preserved for federal habeas review. Petitioner failed to raise this claim in state court on direct appeal and thus, he has no avenue open to him by which he may present his claim. In order to get relief, Petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

The Magistrate Judge thoroughly reviewed the analysis of this issue as governed by the four-part rule described in *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986), and concluded that Plaintiff's claim could have been litigated on direct appeal but it was not raised or adjudicated on the merits, and is procedurally defaulted by *res judicata.* The Magistrate Judge found that Petitioner has not demonstrated cause for the default, has not shown that he was prejudiced, or that the state court decision to deny his request for dismissal of counsel was contrary to, or an unreasonable application of, clearly established federal law. Petitioner has not presented new evidence of innocence and therefore, cannot establish a miscarriage of justice exception. The Court finds that Ground One is procedurally defaulted.

In Ground Two, Petitioner claims that his conviction was based on a video that did not portray him. Respondent asserts that this claim is procedurally defaulted. The Magistrate Judge points out that Petitioner is attempting to rely on an ineffective assistance of counsel claim to establish cause to excuse his procedural default. Trial counsel's alleged ineffectiveness was not preserved for review in state court, thus Petitioner cannot establish cause to excuse procedural default. Therefore, it is unnecessary to reach the claim of prejudice once it has been established that cause has not been shown. Petitioner fails to present any new exculpatory evidence, and has failed to demonstrate the factual innocence required for a claim of actual innocence. Ground Two is procedurally barred.

In Ground Three, Petitioner alleges ineffective assistance of counsel. Respondent again asserts this Ground is procedurally defaulted. The Magistrate Judge concluded that Petitioner failed to comply with the Ohio law that requires a petitioner to present habeas claims at each stage of the appellate process up through the Supreme Court of Ohio. Petitioner did not present an independent and properly filed claim for ineffective assistance of counsel in a timely fashion. As stated previously, Petitioner's default can be excused if he demonstrates cause for the default, prejudice, or a miscarriage of justice resulting therefrom. Petitioner has failed to provide any excuse for the procedural default and therefore, Ground Three is defaulted.

Under Federal Rule 72(b) and 28 U.S.C. § 636, the district court is required to review de novo any portion of the Magistrate Judge's Report to which a specific objection is made. A party who fails to file an objection waives the right to appeal. *U.S.*

5

*v. Walters*, 638 F.2d 947, 950(6th Cir. 1981). In *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the Supreme Court held: "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."

"A party may not file a general objection to the entirety of the magistrate's report." *Ayers v. Bradshaw*, No. 3:07CV2663, 2008 WL 906100, at *1 (N.D. Ohio March 31, 2008) (citing *Howard v. Sec'y of Health and Human Services*, 932 F.2d 505, 508-09 (6th Cir. 1999)). "For an objection to be sufficiently specific, the petitioner must direct 'the district judge's attention to specific issues decided by the magistrate contrary to [the petitioner's] position.'" *Ayers*, supra at *2 (quoting *Neuman v. Rivers*, 125 F.3d 315, 323 (6th Cir. 1997)). Petitioner does not provide the Court with any areas of disagreement.

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard*, 932 F.2d at 509.

Petitioner's submission simply recites his objection; but is the equivalent of an utter failure to object.

For the foregoing reasons, the Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation, and denies Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial

of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

   IT IS SO ORDERED.

Date:2/12/2014
         s/Christopher A. Boyko
         CHRISTOPHER A. BOYKO
         United States District Judge